1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SOCORRO SIERRA,                        No.  2:24-cv-3444 CKD P

12                  Plaintiff,

13        v.                                ORDER AND

14   HAWKS, et al.,                         FINDINGS AND RECOMMENDATIONS

15                  Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

18   1983.  On February 27, 2025, the court screened plaintiff's complaint as the court is required to

19   do under 28 U.S.C. § 1915A(a).  The court found the complaint failed to state a claim upon which

20   relief can be granted.  Leave to file an amended complaint was granted.  Plaintiff has now filed an

21   amended complaint.

22        As plaintiff already knows, the court is required to screen complaints brought by prisoners

23   seeking relief against a governmental entity or officer or employee of a governmental entity.  28

24   U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has

25   raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

26   may be granted, or that seek monetary relief from a defendant who is immune from such relief.

27   28 U.S.C. § 1915A(b)(1),(2).

28   /////

                                         1

As in his original complaint, plaintiff alleges his left middle finger was smashed when his cell door was closed. The door was under the control of defendant Hawks. After suffering the injury described above, plaintiff asserts he spoke with all three defendants who offered plaintiff a "medical slip." Plaintiff was eventually seen for his injury about five or six hours later.

Because plaintiff fails to point to anything suggesting defendant Hawks meant plaintiff harm, or was at least deliberately indifferent to a serious risk of harm when he closed plaintiff's door, plaintiff does not state a claim against defendant Hawks under the Eighth Amendment as to the closing of the door. See Farmer v. Brennan, 511 U.S. 825 (1994).

Further, as plaintiff was informed in the court's February 27, 2025, order, denial or delay of medical care can violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A violation occurs when a prison official causes injury as a result of his or her deliberate indifference to a prisoner's serious medical needs. Id. "Deliberate indifference" includes a purposeful act or failure to respond to a prisoner's pain or possible medical need. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) citing Estelle, 429 U.S. at 104. Mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that defendants should have known this to be the case." Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002). Here, plaintiff fails to point to anything suggesting the 5 or 6 hour delay in receiving medical care caused plaintiff any harm.

For the foregoing reasons, plaintiff fails to state a claim upon which relief can be granted. Considering the advice given to plaintiff upon the dismissal of his original complaint, especially with regard to how he might state a claim based upon delay of medical care, giving plaintiff leave to amend a second time appears futile. Therefore, the court will recommend that plaintiff's amended complaint be dismissed and that this case be closed.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

2

1    1. Plaintiff's amended complaint (ECF No. 9) be dismissed; and

2    2. This case be closed.

3    These findings and recommendations are submitted to the United States District Judge

4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5 after being served with these findings and recommendations, plaintiff may file written objections

6 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

7 and Recommendations."  Plaintiff is advised that failure to file objections within the specified

8 time waives the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

9 Cir. 1991).

10 Dated:  March 27, 2025

11                                                 _____
                                                   CAROLYN K. DELANEY
12                                                 UNITED STATES MAGISTRATE JUDGE

13

14

15   1
     sier3444.frs
16

17

18

19

20

21

22

23

24

25

26

27

28

3