UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCORRO SIERRA, | No. 2:24-cv-3444-DJC-CKD P |
| Plaintiff, | |
| v. | ORDER |
| HAWKS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 27, 2025, the Magistrate Judge filed Findings and Recommendations herein which were served on Plaintiff and which contained notice to Plaintiff that any objections to the Findings and Recommendations were to be filed within fourteen days.  (ECF No. 10.)  Plaintiff filed timely Objections to the Findings and Recommendations.  (ECF No. 11.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court adopts the Findings and Recommendations in part, although the Court will grant leave to amend.

1

In his First Amended Complaint, Plaintiff brings an Eight Amendment Excessive Force Claim under section 1983 alleging that his left middle finger was smashed when his cell door was closed by Defendant Hawks and that he was denied prompt medical care afterwards.  (*See* ECF No. 9 at 3.)  The Magistrate Judge recommends dismissing this claim without leave to amend because, in part, "[P]laintiff fails to point to anything suggesting [D]efendant Hawks meant [P]laintiff harm, or was at least deliberately indifferent to a serious risk of harm when he closed [P]laintiff's door," and Plaintiff's original Complaint was previously dismissed with leave to fix the deficiencies therein, indicating further amendment would be futile.  (*See* ECF No. 10 at 2.)  However, in his Objections, Plaintiff suggests that "[D]efendant was notified [P]laintiff was placing hand in the door" before the door was shut.  (ECF No. 11 at 2.)  While this fact is not currently pled in Plaintiff's First Amended Complaint, it suggests that Defendant may have deliberately closed the door on Plaintiff's finger, which could give rise to an excessive force claim.  *See, e.g., Cathy v. Palma*, No. 322CV01565GPCJLB, 2023 WL 322495, at *2 (S.D. Cal. Jan. 19, 2023) (finding, at the screening stage, that the plaintiff stated an excessive force claim where correctional officer deliberately smashed the plaintiff's arm in the cell door).  For these reasons, the Court finds that dismissal with leave to amend is appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. The Court ADOPTS the Findings and Recommendations (ECF No. 10) IN PART;
2. Plaintiff's First Amended Complaint (ECF No. 9) is DISMISSED with leave to amend;
3. Plaintiff is granted thirty (30) days from service of this Order to file an amended complaint that complies with the requirements of this Order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure to file an amended

complaint in accordance with this Order may result in a recommendation that this action be dismissed; and

4. This matter is referred back to the Magistrate Judge for further proceedings consistent with this Order.

IT IS SO ORDERED.

Dated: __**May 23, 2025**__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE